# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# NO. 5:15-CR-66

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WILLIAM CODY ELDER, ) | |
| ) | |
| **Defendant** ) | |

**THIS MATTER** is before the Court on Defendant's Appeal to District Court of Order of Detention, filed November 16, 2015. (Doc. 8).

On October 21, 2015, the United States brought the following charges by way of Bill of Information against Defendant William Cody Elder, individually:

1. Conspiracy to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846; and
2. Knowingly and unlawfully using and carrying one or more firearms, during and in relation to a drug trafficking crime, that is, conspiracy to distribute and to possess with intent to distribute methamphetamine, and possessing one or more firearms, in furtherance of a drug trafficking conspiracy, all in violation of Title 18, United States Code, Sections 924(C) and 2.

Defendant waived prosecution by indictment. (Doc. 4). In a hearing held before Magistrate Judge Keesler on November 12, 2015, Defendant entered a plea of guilty to the charges alleged in the Bill of Information. Magistrate Judge Keesler accepted the guilty plea. (Doc. 5). Next, Magistrate Judge Keesler took up the issue of bond. After reviewing the parties' contentions, Magistrate Judge Keesler entered an oral order of detention finding that Defendant did not qualify for release.

Defense counsel raised the following points: (1) Defendant's participation in the conspiracy was minimal; namely, according to Defendant, he only fired his handgun after first

being fired at by the informant; (2) he is twenty-three years old and has no criminal record aside from traffic violations; (3) prior to the initiation of this matter, he held a stable job working for a beer distributor; (4) his employer would not hold his position, but he could work for a family member upon release; (5) he has been in a stable relationship with his girlfriend and they have a child together; and (6) his mother and step-dad live in the area. Defense counsel argued that if he were to be released his parents would have a place for him to stay and that Defendant would agree to the most stringent conditions.

Counsel for the government noted a disagreement in the facts asserted by defense counsel and stated that Defendant did not qualify for release under § 3145(c). Counsel for the government also noted that there are safety concerns for a confidential information.

Magistrate Judge Keelser found that the answer to this issue was clear and this Court agrees. Defense counsel asks this Court to consider whether release is appropriate under § 3145(c). Under § 3145(c), this Court may release defendant "if it is clearly shown that there exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see United States v. Vilaiphone*, No. CRIM 3:08CR232, 2009 WL 412958, at *2 (W.D.N.C. Feb. 18, 2009) (detailing what constitutes "exceptional reasons"). The Court finds the Defendant's circumstances, as alleged, are ordinary, rather than extraordinary.

Accordingly, the Court **AFFIRMS** the detention order and finds that the circumstances presented by Defendant do not constitute exceptional reasons to justify pre-sentencing release under the provisions of 18 U.S.C. § 3145(c).

**SO ORDERED.**

Signed: November 19, 2015

Richard L. Voorhees
United States District Judge